UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA DEL GUIDICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-02033 |
| ALLSTATE INDEMNITY COMPANY, | ) ) ) |
| Defendant. | ) |

**Joint 5th Amended Status Report**

1. Joint 5th Amended Status Report.

2. Service of Process. Service of process has been completed and has been returned to the court.

3. The Nature of the Case.

    a. Robert D. Loventhal, 145 Morris Lane Unit D 101, Lake Forest, IL 60045, will be lead attorney for the plaintiff. Mr. Loventhal is admitted to the Massachusetts Bar (BBO 305940) and the Federal Bar in Massachusetts, Connecticut, and Colorado. Mr. Loventhal is not a member of the bar for Northern District of Illinois, but will be procuring local counsel as soon as possible.

    Mark B. Ruda, Condon & Cook, LLC, 55 W. Monroe, Suite 3430, Chicago, IL 60654, will be lead attorney for the defendant. Mr. Ruda is admitted to the Illinois Bar, the Federal Bar for the Northern District of Illinois, and Federal Trial Bar for the Northern District of Illinois.

    b. Federal jurisdiction is based on diversity of citizenship. The amount in controversy exceeds $75,000.00 based on the fact that Defendants failure to cover Plaintiff's loss resulted in Plaintiff spending more than $75,000.00 in repair costs. The Plaintiff is a citizen of and domiciled in the state of Colorado. The Defendant is a citizen of and domiciled in Illinois.

    c. The lawsuit concerns a breach of contract arising out of an insurance policy, based upon a claim submitted by plaintiff for water damage and defendant's denial of the claim based upon exclusions to coverage in the policy

      d. The legal issues and factual issues in dispute are as follows: did Allstate Insurance Company breach the of contract by refusing to pay the plaintiff for the loss claimed and/or do one or all five of Allstate's affirmative defenses apply establishing the claim is excluded from coverage. Finally, the extent of damages is at issue. .

4.     Pending Motions and Case Plan.

      a. No motions are now pending. Defendant filed an answer and affirmative defenses.

      b. Discovery and Case Management Plan

           (1) Discovery will be needed on the following subjects: facts surrounding the plaintiff's claim, the plaintiff's liability theories, plaintiff's damages and defendant's affirmative defenses. Written discovery and depositions will be required relating to the foregoing. Disclosure or discovery of electronically stored information should be handled as follows: Through Request for Production of Documents or Other Tangible Things unless otherwise required for disclosure under Federal Rule of Civil Procedure 26(a)(1)..

           (3) There is no need anticipated at this time for any proposed confidentiality orders.

           (4) There is no need for Health Insurance Portability and Accountability Act (HIPAA) waivers.

           (5) Fact discovery completion date will be August 2, 2024.

           (6) Expert Discovery is anticipated. Plaintiff to disclose Rule 26(a)(2) disclosures by September 13, 2024 and expert depositions to be completed by November 1, 2024; Defendant to disclose Rule 26(a)(2) disclosures by November 29, 2024 and expert depositions to be completed by December 31, 2024.

           (7) The date for filing of dispositive motions is February 3, 2025.

           (8) A tentative trial date would be in June 2025.

      c. Defendant has requested a jury trial and 4 days will be needed.

5.     The parties have consented to proceed before a Magistrate Judge.

6.     Status of Settlement Discussions.

      a.      Settlement discussions have been initiated and are ongoing.

      b.      The parties may request a settlement conference if they are unable to resolve the matter.

| The Plaintiff, | The Defendant, |
|---|---|
| Lisa Del Guidice | Allstate Indemnity Company |
| By her attorney | By its attorney |
| /s/ Robert D. Loventhal | /s/ Mark B. Ruda |
| Robert D. Loventhal, Esq. | Mark B. Ruda, Esq. |